UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTER L. PATTERSON,<br><br>Petitioner,<br><br>v.<br><br>WARDEN CHANCE ANDES,<br><br>Respondent | Case No. 5:25-cv-02819-EJD (PR)<br><br>**ORDER OF TRANSFER** |

Petitioner, who is currently confined at the San Quentin Rehabilitation Center, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his confinement without an "adjudication of guilt" in state court. Dkt. No. 1.

Venue for a habeas action is proper in either the district of confinement or the district of conviction, 28 U.S.C. § 2241(d). Federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction or sentencing. See Habeas L.R. 2254-3(b)(1); Dannenberg v. Ingle, 831 F. Supp. 767, 768 (N.D. Cal. 1993); Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968). Here, Petitioner is challenging his conviction out of Los Angeles County. Dkt. No. 1 at 2. Los Angeles County lies within the venue of the Western Division for the Central District of California. See 28 U.S.C. § 84(c). Therefore, venue properly lies in that district and not in this one. See 28 U.S.C. § 1391(b).

This case is hereby TRANSFERRED to the United States District Court for the Central District of California. See 28 U.S.C. § 1406(a).

The Clerk shall terminate all pending motions and transfer the entire file to the Western Division for the Central District of California.

**IT IS SO ORDERED.**

**Dated:** March 31, 2025

EDWARD J. DAVILA
United States District Judge